IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES W. MAISON and
GREGORY J. MAISON,

      Plaintiffs,

vs.                                  CASE NO.: 1:04-CV-041-SPM

FORD MOTOR COMPANY and
BRIDGESTONE/FIRESTONE, INC.,

      Defendants.
_____/

ORDER DISMISSING COUNTS III, IV, V, VI, XI AND XII OF PLAINTIFF'S
COMPLAINT AND PERMITTING PLAINTIFF TO FILE AN AMENDED
COMPLAINT AS TO COUNTS XI AND XII

**THIS CAUSE** comes before the Court upon Defendant Ford's motion to dismiss (doc. 9) and the memorandum in support thereof (doc. 10), both filed April 28, 2005, and Plaintiffs' response (doc. 36) filed July 6, 2005.  The motion to dismiss addresses Counts III and IV (breach of implied warranty); Counts V and VI (breach of express warranty); and Counts XI and XII (fraud and misrepresentation).

      Plaintiff candidly concedes that Ford is correct in its statement of Florida law regarding breach of warranty and admits that because there is no privity between the parties, Counts III through VI should be dismissed.  Thus, the sole

issue is whether Plaintiffs have pled their fraud and misrepresentation claims with the requisite amount of particularity required by Federal Rule of Civil Procedure 9(b).

**LEGAL STANDARD:**

Counts XI and XII accuse Ford of fraud for failing to disclose material facts to the general public regarding safety problems of its Explorer vehicles, including a rollover tendency; falsely advertising the Explorer as able to safely negotiate rough terrain; and failing to disclose to regulatory agencies and government officials that it had received a large number of reports of safety problems with Explorers.  Rule 9(b) provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Generally speaking, the particularity requirement referenced in Rule 9(b) is designed to give a defendant notice as to the precise nature of the allegations of fraud being brought against him and, by insisting on precision, is also intended to insulate defendants from claims that are wholly without merit. Brooks v. Blue Cross and Blue Shield of Fla, 116 F.3d 1364, 1370-71 (11th Cir. 1997).

Claims of fraudulent concealment–failing to disclose information–are also held to this standard.  Under Florida law, a claim of fraudulent concealment requires four elements:

    (1)  a misrepresentation (or omission) of a material fact;
    (2)    (a)    knowledge of the representor of the

>   >   misrepresentation, or
>   > (b) representations made by the representor without knowledge as to either the truth or falsity, or
>   > (c) representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof;
>
> (3) an intention that the representor induce another to act on it; and
> (4) resulting injury to the party acting in justifiable reliance on the representation.

Albertson v. Richardson-Merrell, Inc., 441 So. 2d 1146, 1149-50 (Fla. 4th DCA 1983). The circumstances must be alleged with specificity, *i.e.*, the "'who, what, when, where, and how'" of the fraud. Greenberg v. Miami Children's Hosp. Research Ins., Inc., 264 F. Supp. 2d 1064 (S.D. Fla. 2003)(*quoting* DiLeo v. Ernst & Young, 901 F.2d 624 (7th Cir. 1990)).

However, absolute particularity is not required, especially when some matters are beyond knowledge of the pleader and can only be developed through discovery. The complaint need only provide a "reasonable delineation of the underlying acts and transactions allegedly constituting the fraud." Fla. Dep't of Ins. v. Debenture Guaranty, 921 F. Supp. 750, 753 (M.D. Fla.1996) (*citing* In re Checkers Sec. Lit., 858 F. Supp. 1168, 1175 (M.D. Fla.1994)). Such a delineation strikes the proper balance between the pleading simplicity of Federal Rule of Civil Procedure 8 and the particularity required by Rule 9(b).

The amount of detail required turns on the substantive context in which the fraud occurred. For example, consumer plaintiffs cannot be assumed to have the same knowledge as an insider would, especially when information may have

been concealed by the defendants. Thus, "courts should apply the rule with some flexibility, and should not require plaintiffs to plead issues that may have been concealed by the defendants." <u>Livingston v. Shore Slurry Seal, Inc.</u>, 98 F. Supp. 2d 594 (D.C. N.J. 2000)(*citing* <u>Christidis v. First Pennsylvania Mortg. Trust</u>, 717 F.2d 96, 99-100 (3d Cir.1983)). *See also* <u>United States *ex rel.* Butler v. Magellan Health Servs., Inc.</u>, 74 F. Supp. 2d 1201 (M.D. Fla. 1999).

**ANALYSIS:**

In this case, Plaintiffs' allegations are insufficient when measured against the heightened standard of particularity. Plaintiffs allege merely that a "design defect" made the vehicle unstable, but provide no other information as to the general type or extent of the defect. Plaintiffs do not specify what "false statements and representations" were made to the general public and do not explain to which regulatory agencies or government officials the statements were made. Plaintiffs do not explicate the term "overwhelming reports of safety problems", even to approximate how many an "overwhelming" number is, name the sources of these reports, or discuss the types of safety problems reported.

Finally, with respect to the "concerted advertising campaigns", Plaintiffs do not specify whether the advertisements were distributed via print or electronic means, do not mention when or for how long these advertisements ran, and do not state which advertisements were viewed by Plaintiffs, thereby inducing them to purchase an Explorer.

Case 1:04-cv-00041-SPM-AK   Document 37   Filed 07/07/05   Page 5 of 5

Page 5 of 5

Although Plaintiffs cannot be expected to have knowledge of details of corporate internal affairs in a corporate fraud case, more detail must be provided for purposes of Rule 9(b) to enable Ford to reply intelligently to the issues raised. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss (doc. 9) is hereby *granted*.

2. Counts III, IV, V, VI, XI, and XII are *dismissed*.

3. The dismissal is without prejudice as to Counts XI and XII; Plaintiffs shall file an amended complaint on or before ***July 15, 2005*** setting forth facts sufficient to meet the heightened pleading requirement of Rule 9(b).

**DONE AND ORDERED** this <u>seventh</u> day of July, 2005.

        *s/ Stephan P. Mickle*
        Stephan P. Mickle
        United States District Judge

/pao