IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHARLES W. MAISON** and
**GREGORY J. MAISON,**

      Plaintiffs,

vs.                                      CASE NO.: 1:04-CV-041-SPM

**FORD MOTOR COMPANY** and
**BRIDGESTONE/FIRESTONE, INC.,**

      Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND EXTENDING DEADLINES**

**THIS CAUSE** comes before the Court upon Defendant Ford's motion for summary judgment (doc. 35) filed July 1, 2005 and Plaintiff's response (doc. 44) filed July 21, 2005.  Ford requests summary judgment due to Plaintiffs' failure to comply with scheduling orders and disclose their experts in a timely manner.  For the reasons set forth below, the Court finds the motion for summary judgment should be denied, but extends the deadlines to provide Ford a chance to prepare its case.

**BACKGROUND:**

This products liability case was transferred to the United States District

Court for the Southern District of Indiana pursuant to a conditional transfer order from the Judicial Panel on Multidistrict Litigation ("JPML") filed August 30, 2004 (doc. 26). That court entered a scheduling order on October 4, 2004, requiring Plaintiffs to serve their expert witness designations by October 15, 2004 and their expert witness reports by November 15, 2004 (doc. 35-4). Plaintiffs failed to comply with the order in both respects, forcing defendants Ford and Firestone to file a motion for enlargement of time. At the time the case was remanded to this Court, Plaintiffs still had not complied.[1]

Shortly after remand, the parties submitted their joint report (doc. 32), in which Plaintiffs agreed to disclose their expert witnesses by June 9, 2005 and serve their expert reports by July 15, 2005. (Doc. 32 at 2.) On June 14, 2005, this Court adopted the deadlines in its mediation and scheduling order (doc. 33). Plaintiffs again failed to comply. Only in their tardy response to the instant motion for summary judgment did Plaintiffs first disclose any experts.[2]

## DISCUSSION:

Florida law requires that a product defect be proven by expert testimony. Alexander v. Danek Medical, Inc., 37 F. Supp. 2d 1346, 1349 (M.D. Fla. 1999). Defendant Ford argues that it is entitled to summary judgment because Plaintiffs' failure to disclose experts or expert testimony constitutes a complete absence of

---

[1] Plaintiffs specifically agree with these facts as set forth in Defendant's motion for summary judgment. See doc. 44 at 1.

[2] Plaintiffs also filed their response (doc. 36) to the motion to dismiss (doc. 9) after the deadline had passed.

proof of an essential element of Plaintiffs' case.

Summary judgment is unquestionably a drastic remedy that should be used sparingly only when it is clear that the non-moving party cannot be entitled to relief under any set of circumstances. Mercantile Bank & Trust Co., Ltd. v. Fidelity and Deposit Co., 750 F.2d 838, 842 (11th Cir. 1985). The pleadings of the party opposing summary judgment must be liberally construed. Solomon v. Houston Corrugated Box Co., Inc., 526 F.2d 389, 394 (5th Cir. 1976).

Here, Plaintiff's counsel has candidly admitted his failures to timely file responses and other documents. Although counsel's practice may be mainly in state court, as noted in the response, counsel is still responsible for meeting all deadlines in federal court as well. The fact remains that not until July 21, 2005 were expert disclosures filed.

In order to avoid prejudice to Ford, and in order to avoid punishing Plaintiffs for the errors of their attorney, the proper remedy in this case is not to grant summary judgment, but to extend certain deadlines to enable Ford to prepare its defense properly. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion for Summary Judgment (doc. 35) is hereby *denied*.
2. If Plaintiffs have any additional experts to disclose, that disclosure shall be made on or before ***July 27, 2005***.
3. Defendant Ford shall disclose its experts on or before ***August 29, 2005***.

4. Plaintiffs shall serve their expert reports on or before *August 31, 2005*.

5. Ford shall serve its expert reports on or before *October 3, 2005*.

6. Per the mediation and scheduling order (doc. 33):

    a. The cutoff for discovery shall remain *December 16, 2005*.

    b. The cutoff for filing dispositive motions shall remain *January 3, 2006*.

    c. Trial shall remain set for *April 10, 2006.*

    d. The first mediation conference shall commence on or before *December 30, 2005*.

    e. Mediation shall be completed on or before *January 13, 2006*.

    f. The mediation report shall be filed on or before *January 27, 2006*.

**DONE AND ORDERED** this twenty-second day of July, 2005.

     *s/ Stephan P. Mickle*
     Stephan P. Mickle
     United States District Judge

/pao